## FITZGERALD VS. CITY OF PHILADELPHIA.

When a sewer has been constructed it may be ratified by a subsequent ordinance of Council, and the property owners along the street where it is constructed, become liable to a charge therefor.

Error to the Common Pleas No. 1 Philadelphia County, No. 98 Jan. Term, 1884.

This was a claim brought by the City of Philadelphia against Edward Fitzgerald for $32.40 for a culvert against a lot of ground on the south side of Pine St.  A case stated was agreed upon as follows :

By ordinance of November 1, 1875, the City Councils authorized the construction of a large number of main sewers, inter alia of a sewer termed the Lombard street sewer, commencing at Thirteenth and South streets, thence along Thirteenth street three and a half feet in diameter to Lombard street, thence along Lombard street four and a half feet in diameter to Twelfth street, thence to Fourth street, five and a half feet in diameter, thence to Delaware River, twin sewer, seven feet in diameter.

The ordinance further provided that it should be the duty of the Chief Engineer and Surveyor to prepare plans and spe-

3 Wa 2

cifications for the said sewers, and that the contracts entered into for the construction thereof, should be in accordance with such plans and specifications, and that no contract or contracts therefor should be binding on the City of Philadelphia until approved by Councils.

Payments for the sewers were to be made from a loan created for that purpose by ordinance July 13, 1875, and the amount to be expended on the Lombard street main sewer was limited to $50,000.

The Chief Engineer and Surveyor proceeded to prepare the plans for the said sewers. The plan of the Lombard street sewer was for a sewer commencing Thirteenth and South streets, thence to Lombard, thence along Lombard to Twelfth, thence to Fourth, and thence to the Delaware River, via Lombard street, to Second; thence to Second street, north one square to Pine street; thence on Pine street to the Delaware River.

The plan thus prepared was submitted to and approved by the Board of Surveyors. Advertisements for a sewer over the route thus planned were inserted in the papers, and bids were opened by the Chief Commissioner of Highways, in the presence of the Highway Committee of Councils, and the contract awarded with the approval of said committee, to Erskine D. Smith, he being the lowest bidder, and the aggregate of his bid falling within the limitation of $50,000 named in the ordinance.

Thereupon the Chief Commissioner of Highways notified the City Solicitor to draw the contract in accordance with specifications to be furnished by the Chief Engineer and Surveyor. The papers signed by the plaintiff and his sureties were sent by the City Solicitor to councils for approval in accordance with the law and the ordinance of 1st of November, 1873. The contract and sureties were approved by the City Solicitor. The award was made in June, 1877. Subsequently Councils passed an ordinance entitled, "An ordinance to approve the contract and sureties of Erskine D. Smith, for the construction of the Lombard street sewer, and to restrict the lien of the judgment." Wherein they ordained that, "The "contract of Erskine D. Smith, for the construction of the

"main sewer on Lombard street, be and the same is hereby "approved; and that George W. Bush and Charles A. Porter "be and they are hereby approved as the sureties of the said "Erskine D. Smith for the faithful performance of the said "contract, provided that the said contract shall contain a "clause that the said sewer shall be completed, in all respects, "according to the plans, specifications and estimates of the "Chief Engineer and Surveyor, for the sum or price as fol- "lows:"

The ordinance then names the prices of the various sizes of tne sewer per foot, and limits tne total expenditures to $49,-448.30, and authorizes the City Solicitor to restrict the lien of judgment against the sureties of the contractor.

The ordinance was approved July 5, 1877.

Prior to the passage of the ordinance a contract had been prepared by the City Solicitor, executed by the contractor and his sureties, and sent to Councils. The contract was for a sewer commencing Fifth and Lombard streets, and thence reaching the Delaware River, via Second and Pine streets, as planned by the Chief Engineer and Surveyor. That was the only contract ever prepared by the City Solicitor, or ever executed by Erskine D. Smith and his sureties for any sewer over that route. In it the prices and dimensions are precisely as stated in the ordinance of July 5, 1877. The contract is dated July 13, 1877. On the warrnt accompanying the bond attached to the contract, judgment was entered, and the City Solicitor restricted its lien, as provided by the ordinance of July 5, 1877. To the contract is attached the original bid of Erskine D. Smith. The contract was executed by the Mayor, and the city's seal attached. The contract was lodged with the City Controller, with the endorsement of the Chief Engineer and Surveyor, and under it Erskine D. Smith proceeded, under the supervision of the Survey Department, and built the sewer. The work was commenced July 19, 1877. The contract required that the drain should be constructed, the trench filled in, the earth puddled and rammed and the street repaired, gutter stones relaid, and all dirt and debris removed from the streets, and the sewer, manholes, inlets and connections cleaned.

During the progress of the work estimates were made, each showing an approximation of the value of the work done up to that time, and each signed by the Assistant Engineer of the City, in charge of the work, by the Chief Engineer and Surveyor, by the Chief Commissioner of Highways and by the Mayor, and the seal of the city attached. A warrant was issued to the contractor to the amount of each estimate, except the final estimate less twenty per cent., which was countersigned by the City Controller, and paid by the City Treasurer. The dates and amounts of these estimates were as follows:

No. 1, September 10, 1877.............................. $10,340.00
 "   2, October 10, 1877  .............................. 7,350.00
 "   3, November 13, 1877.............................. 6,000.00
 "   4, December 17, 1877.............................. 8,690.00
 "  5, January  19, 1878......... ................... 6,370.00
 "   6, April 22, 1878 ............................... 5,406.48
                                                      _____
                                                      $44,157.48

In addition, on April 22, 1878, the city issued to the contractor assessment bills, made out by the officers, against the properties on the line of the sewer, charging them $1.50 per foot front for the sewer, amounting to $5,406.48. Since April 22, 1878, the sewer has been used as a city sewer, and the Survey Department has issued permits to connect therewith and collect the charge therefor, and while sewer rents were chargeable, the city collected them for the use of the sewer,

For such bills as the contractor failed to collect, he filed liens in the name of the city to his use, the liens being filed by the City Solicitor. The lien in this case was filed August 3, 1878.

On January 19, 1878, all the brick and stone work under the contract was completed. The filling in of the trench had not been completed and the paving and cleaning up had not been done. That was done after March 1, 1878.

On January 19, 1883, the following ordinance became a law:

"An ordinance to accept the sewer on Lombard street, from Fifth street to Second street, on Second street to Pine street, and Pine street to the Delaware River, built by Erskine D. Smith, under his contract with the city, dated July 13, 1877.

Sec. 1. The Select and Common Councils of the City of Philadelphia, do ordain that the sewer on the line of Lombard street, from Fifth to Second streets, on Second street from Lombard street to Pine street, on Pine street from Second to the Delaware river, constructed by Erskine D. Smith, under his contract with the City of Philadelphia, dated July 13, 1877, which sewer has been paid for by the city, and accepted by the city officer, be, and the same is hereby accepted by the City of Philadelphia fully, and as if the ordinance approved November 1, 1875, directing the construction inter alia of the Lombard street sewer had designated the route to the Delaware river, from Fifth street, as via Lombard street to Second street, thence to Pine street, and thence on Pine street to the Delaware river; and as if the ordinance approved July 5, 1877, approving the said contract of Erskine D. Smith, had set forth the said contract, in all its terms, and at length.

Sec. 2. All ordinances, or parts, or ordinances inconsistent herewith, be and the same is hereby repealed."

"The said ordinance was passed by the Common Council of the City of Philadelphia, on December 29, 1882, by a vote of ayes, 62; nays, 0. The membership of said Common Council is 89. It passed the Select Council on January 4, 1883, by a vote of ayes, 23; nays, 0. The membership of said Select Council was 31. It was then presented to the Mayor of the city, who held the same and failed to return it within ten days, whereupon the Clerk of Councils certified, that in accordance with the act of May 23, 1874, the said ordinance 'became as effective as if he had signed it.' If said ordinance became a law, it was merely by the passage, as aforesaid by Councils, without the signature of the Mayor. He never signed it."

On October 6, 1877, the defendant applied to the Survey Department, and had issued to him a permit to connect with the sewer. He paid therefor the customary fee. He has had constructed from the sewer to the curb line of his property a pipe to make connection with the sewer, but he has never carried the pipe across the sidewalk or into his house, nor made use of the sewer.

No petition was presented to the Survey Department by the property owners, asking for the construction of the sewer. The sewer was a main sewer.

It is agreed that either side may make use of laws or ordinances bearing upon the subject as though set out herein in full.

If the court be of opinion that the plaintiff is entitled to recover, then judgment is to be entered for $32.40, with interest from August 3, 1878; but if not, then judgment to be entered for the defendant, the costs to follow the judgment, and either party to have the right to sue out a writ of error.

---

The court entered judgment for the plaintiff, upon the case stated on June 3rd, 1883, in an oral opinion. Fitzgerald then took a writ of error, complaining of the entry of the judgment in favor of the plaintiff upon the case stated.

*J. H. Gendell, Esq.,* for plaintiff in error argued, that the claimant, without the authority of Councils, cannot file a claim, in the name of the city, to his use, against a property on Pine street, for work done on that street, without any authority of law or ordinance; Grier vs. The City, 4 Legal Gazette 62; City vs. Lea, 5 Phila. 77; City vs. Reilly, 6 Phila. 228, 528, 592; Reilly vs. The City, 60 Penna. 467; City vs. Stewart, 1st W. N. C. 242; City vs. R. R., 88 Penna. 314; Fell vs. The City, 81 Penna. 73. The action of Councils accepting the work, five years after it was done, cannot retrospectively ratify it, and make valid a claim against a property owner, which was utterly void before; Hammett vs. The City, 65 Penna. 146; Russell vs. Bell, 44 Penna. 54; Dearie vs. Martin, 78 Penna. 55. The ordinance requires the signature of the Mayor, act of the 23rd of May, 1874. There can be, under no circumstances, a lien for a main sewer, for which there has been no petition, by the property owners, act of April 8, 1864, Section 1, P. L. 324; Slocum vs. The City, 11 W. N. C. 167.

*Robert T. Corson* and *A. M. Beitler, E-qs., contra,* argued that The City of Philadelphia has authority to construct sewers, Act of Apr. 21, 1855, Section 8, P. L. 266 ; Act of Apr. 8, 1864, Sec. 1st, P. L. 324 ; Act of March 27, 1865, Section 1st, P. L. 791 ; Act of April 20, 1869, Section 1, P. L. 1190. They affixed the charge, and the power to do this has been repeatedly recognized by the courts ; Hammett vs. City, 65 Penna. 146 ; Magee vs. Commonwealth, 46 Penna. 358 ; Wray vs. Pittsburg, 46 Penna. 365 ; Commonwealth vs. Woods, 44 Penna. 113 ; City vs. Tryon, 35 Penna. 401 ; Schenley vs. Allegheny, 36 Penna. 29 ; Lea vs. The City, 80 Penna. 315 ; Stroud vs. The City, 61 Penna. 255. No petition of property owners was necessary, Waln's heirs vs. The City, 11 W. N. C. 314. The defence set up by the plaintiff in error, that has only to do with the relations between the city, the legal plaintiff, and the contracting equitable plaintiff, and cannot be made by the property owner ; Fell vs. Phila., 3 W. N. C. 261 ; City vs. Brooke, 2 W. N. C. 537 ; Hutchinson vs. Pittsburg, 72 Penna. 320 ; McKnight vs. Pittsburg, 91 Penna. 273 ; City vs. Burgin, 50 Penna. 539 ; City vs. Hays, 93 Penna. 72 ; City vs. Wistar, 35 Penna. 427.

The Supreme Court affirmed the judgment of the Court of Common Pleas on the 14th of April, 1884, in the following opinion :

PER CURIAM.

Although the work in question was not done in pursuance of the original ordinance, yet it was subsequently approved and ratified by ordinance. It was accepted by the city. The plaintiff in error applied to the Survey Department, and procured a permit to conect with the sewer. He paid the requisite fee ; and has caused a pipe to be laid from the sewer to the curb line of his property. The making of a contract between the city and a contractor, as well as its adoption and ratification, do not require the ratification of the property owner ; City to use vs. Hays, 12 Norris 72; and cases there cited.

Judgment affirmed.